will begin with the first case, United States of America v. Kahn. And we have Mr. Mastraccio for the appellant. And I see that you reserve three minutes for rebuttal. Good morning, Your Honor. Jim Mastraccio. Good morning. May it please the Court. The primary issue is whether the IRS imposed a willful FR penalty in excess of a delegated authority. Congress initially delegated rulemaking and penalty assessment authority to the Secretary of the Treasury, allowing the Treasury discretion to impose penalties up to $100,000. Treasury then delegated both rulemaking and penalty assessment authority to FinCEN, and FinCEN delegated only enforcement authority, not rulemaking authority to the IRS. And at the time of the 2008 FR violation, which was June 30, 2009, the regulation limited willful FR penalties to $100,000. The IRS did not adhere to that regulation, but imposed a penalty of over $4 million. In doing so, it acted outside its delegated authority in FinCEN regulation. The Court erred in finding that the statute and regulation were at odds, and the latter amendment to the statute voided the regulation. But this is not correct. Both the amended statute and the regulation are not in conflict. They can be read together. 5321A5 vests the Secretary with the discretion to determine the amount of the penalty to be assessed, so long as that penalty is not—so long as the imposed penalty is not exceeded. Mr. Mastraccio, I think the key issue, though, is the amendment says the maximum penalty shall be, and then it has the new penalties. So while it gives the discretion to the Secretary of Treasury in any particular case to set the amount, it does not, by the wording of the statute, allow the Secretary to change the maximum, what the maximum penalty would be. The discretion is in what the penalty should be on each individual case, isn't that? The reading of the statute in light of the word shall be? Well, well, shall is taken into context with respect to the change of the amendment, which added two provisions. One was the non-wilful penalty, which previous to the amended statute did not exist, and so Congress allowed a non-wilful penalty, not—shall not exceed $10,000, but with reference to the wilful penalty, that $10,000 shall be increased. But again, the Jobs Creation Act did not withdraw the delegation to Treasury to set the penalty. Treasury did not, you know, withdraw its delegation to FinCEN. Where is the delegation to set the maximum penalty, though? Where was the delegation to set the maximum penalty? Where in the statute does it say, we delegate to the Secretary of Treasury to set what the maximum penalty shall be? There is no such delegation for that, right? Well, there is a delegation that the Treasury and FinCEN would assess penalties, may assess penalties in its discretion. I'm sorry, I'm not really sure. I guess I don't really follow exactly the relevance of the terms. The statute authorizes the Treasury Department to charge a penalty up to a certain amount, right? The Treasury Department is not obliged to apply the maximum in any particular case, right? Right. And so the question is really whether the Treasury Department is bound by this prior regulation they enacted. Whether some subcomponent of the Treasury Department had delegated authority or not, that seems to be besides the point, isn't it? Well, no, because February 26, 2010, in the Federal Register, was the first time that FinCEN announced to the public and had open comment through April 2010, that it was modifying the FR form and informing... It modified the FR form. So if the prior regulation were binding on the Treasury Department, you couldn't change it by modifying a form anyway, right? No, it was announcing to the public that there would be a higher penalty. And the original regulation, the initial regulation, and the public was on notice that FinCEN was going to impose... So do you think that the IRS can charge up to the statutory maximum for conduct that occurs after 2010? That depends on whether or not the regulation is legislative or not. And if... Well, I shouldn't say that because this was notice and comment. So whether it's legislative or interpretive, the notice that went out in February of 2010, if that is deemed to be a notice and comment with respect to the regulation, then that's one... I mean, the interpretive thing seems odd to me. I know that the district court said this, but normally when an agency issues a notice of proposed rulemaking, and then the final rule contains provisions that are not a logical outgrowth of the original notice, usually the remedy is to invalidate the rule, is it? I mean, has any other court ever said, well, this piece was invalid, so we're just going to call it an interpretive rule and leave it codified in the Code of Federal Regulations? I mean, is there any authority that that is the remedy when an agency violates rulemaking procedures? Well, I think... Well, first of all, I think that the comments that have been made with respect to the way the court looked at it was incorrect. And I think the record needs to be corrected here because the notice of proposed rulemaking was issued on August of 86. At that time, the statute was being considered and became law in October of 1986. However, the comment period with a regulation did not close until November of 86. So there was plenty of time to comment on the bill, the statute, which contained the F4 penalty. So this is no surprise. This should be a surprise. But if the regulation is adopting the statutory penalty regime that's subject to consideration by Congress, it's legislative. But if the district court wouldn't go there... Yeah, okay, I understand. I wasn't actually even asking a question that I thought was hostile to your position. But your position is that the regulation is valid, right? I mean, you're not arguing... No, no, no, that's absolutely correct. Let me just ask you one more, Mr. Mastraccio. The Federal Circuit in Norman said this, that your approach would inappropriately prevent all newly created or amended statutes from taking effect until all inconsistent regulations are amended or repealed. What's your response to that? Well, their premise was that they were moving Treasury's discretion to regulate once the delegation of authority. We have a delegation of authority that allows the Treasury... Well, regardless of the delegation of authority, is it not correct that if a statute gives an agency some breadth of discretion, the agency can constrain its own discretion by regulation, right? Yes, sure. Right. And so isn't the response to this question that if a statute is passed, it actually contradicts an existing regulation, the existing regulations are invalid. But I took it that your position was there isn't a conflict between the regulation and the statutes, because if Congress says you can impose penalties up to X, an agency is allowed to have a regulation that says we're going to impose penalties up to X minus five. Correct. At that position. So if the agency had a regulation that said we're going to impose penalties of X minus five, and then Congress passed a law that said you can only impose penalties up to X minus 10, then obviously the regulation will automatically be invalid. So the only question is whether the regulation is within the agency's discretion. Correct. Yeah. All right. I think your time is up. So do you have another question, Judge Mahashey? No, I think that's fine. I think we'll hear from him again in a rebuttal. All right. Yes. All right. Ms. Avetta. Good morning, Your Honors, and may it please the Court, Julia Avetta for the United States. Where a statute and a regulation conflict, the statute controls, and this is particularly evident where the regulation reflects the previous version of the statute. The civil penalty statute here used to track the regulation. The maximum penalty for a willful failure to report a foreign bank account was $100,000. But in 2004, Congress raised that maximum penalty, and when Congress changed the statute, the old regulation became obsolete. The maximum penalty today is what the statute says it is. The maximum shall be the greater of— regulations, and the Congress repeals the statute pursuant to which the regulations were adopted, then obviously the regulations become invalid. But if an agency has a pretty elaborate regulatory scheme and Congress amends an existing statute, it doesn't seem right to say that the regulations all become invalid automatically. Is it? Only—no, Your Honor, only to the extent that they are inconsistent with either the plain terms of the statute or the discretion within the statute that is still conferred to the agency. Now, there is discretion given to the Secretary under the amended statute here. The Secretary has, under the language of the amended statute, the discretion whether to impose the civil penalty and where in the range to situate it up to a statutory maximum, but the statute does not grant the Secretary the discretion to change that maximum, and that's what this— But the statutory maximum remains the same, right? The statutory maximum remains the same. The agency is just deciding where beneath the statutory maximum it's going. It hasn't changed the statutory maximum. So I guess I have this question. So if Congress had passed the statute giving a statutory maximum, and then the Secretary, in order to be transparent with the regulated parties, said, okay, we can penalize—we can attach—we can find people up to a certain amount, but here's some guidance. So when you're facing these kinds of circumstances, we're going to go up to X amount, and these other circumstances, we're going to go to Y, and these other circumstances, we're going to go to Z, so you can understand what you could expect our enforcement action to look like. Would that regulation be invalid? Not necessarily, Your Honor, because that seems to be closer to an exercise of the Secretary's discretion to situate a penalty within the range described by Congress. But of course, in that kind of case, what the Secretary is doing is saying the maximum penalty is going to be different for different people, and it's not always going to be the statutory penalty. But so if that's a valid exercise of the Secretary's discretion, then why, if Congress passes a statute and says the maximum penalty is X, can't the agency come back and say, we have thought this through, and even though Congress has allowed us to go up to X, we think it would be appropriate only to go up to X minus 5? Well, those are two different situations that you've described there, Your Honor, and under the first one, the Secretary is looking at cases by categories, which is approaching the case-by-case basis on which these determinations are going to be made, and for efficiency's sake, the Secretary does have the authority and the discretion to categorize cases and determine ranges of penalties that may be appropriate in those cases up to the statutory maximum. But that's not what happened here. Or even if, first of all, this is a statute or a regulation that no one has revisited to make a correlative adjustment to the amended statute at all. And secondly, even if it had, even if the Secretary had re-promulgated the regulation reflecting the previous version of this statute, there is no visible exercise of discretion here that indicates that for any reason, the Secretary thought that the previous maximum should remain even after Congress changed it. In fact, when the statute was amended... Well, I think that's obviously right that the Secretary never made a considered decision to retain the older maximum. They just haven't updated the existing regulation. But you don't dispute the basic principles that an agency is bound to its own regulations. That's what the Supreme Court said a long time ago in McCarty. Or that an agency is allowed to constrain its own discretion by regulation, right? So even if it's by inadvertence that the Secretary hasn't updated the prior regulation, unless there actually is a conflict between the existing regulation and the statute, shouldn't the agency be bound to its regulation? Yes, but in this case, there is such a conflict. The case really depends on the idea that there's a conflict. And you think that there's a conflict because even though the Secretary is allowed in individual cases to charge less than the maximum, the Secretary is not allowed to say in advance that he doesn't want to go to the maximum. That is a fair statement, yes. The regulation says that the penalty is not to exceed $100,000. And the statute says that the maximum shall be the greater of $100,000 or... So it would be okay for the Secretary to only charge $100,000 in every case and never go to the maximum. The Secretary just can't say that he's going to do that in a regulation. If that reflected considered decision-making in each case, it would, because that would be the application of the statute, and that would be the Secretary or the Secretary's delegate considering the conduct of the account holder, the deterrent purpose of the statute, and the amount at issue, which is going to be different from account to account. So your argument, just to be clear, your argument doesn't really depend on this language in the statute that says shall be increased, because the shall be increased just says the maximum penalty is going to be increased to that. So your argument really depends on the idea that when Congress sets a maximum penalty, an agency can't exercise its discretion to say in maximum, even though it could actually do that in practice. That's correct. And... It's also your position, though, Ms. Aveda, it's also your position that the initial regulation was not an exercise of discretion at all. It was essentially just parroting the statutory language that existed at the time, right? That's correct as well, Judge Bianco. The notice and comment proceeding in 1986 began before the statute was enacted, and that language was just brought full sail into the reg at the time, and was not updated after that. And at the time, it made perfect sense, and it was absolutely concentric with the statute. In the case that you acknowledged would be permissible, where an agency was validly constraining its own discretion, because we know it can, if it parroted some language of an existing statute, but that language was perfectly consistent with an exercise of discretion under the amended statute, should we invalidate the regulation because we look at the history of it and say, well, the Secretary wasn't really deciding to exercise his discretion, he was just copying what the statute said, or isn't the analysis an objective one as to whether there actually is a conflict between the regulation and the statute? If I understand the question correctly, Your Honor, you're positing that there's not a conflict, and where there's no conflict... No, no, but I'm giving you a hypothetical. I'm saying in the case, because you know that you're acknowledging there could be cases where there isn't a conflict. So I'm just saying, if there were a case where there isn't a conflict, would the fact that the language that does not conflict with the statute parrots an earlier or a different statute, would that make a difference? Isn't really the only question whether there's a conflict between the existing regulation and the existing statute? I think that's a fair statement. I think that it's the conflict that invalidates the regulation, because if the regulation is consistent with the amended statute, the mere fact that it reflects the previous statute doesn't invalidate it. Right. Here, the statute is unambiguous, and the regulation is unambiguous, and they're inconsistent because the regulation reflects the unamended statute. And it's the amended statute that controls here, as the district court recognized, and the majority of district courts in both courts of appeals to consider this question have recognized. They have all held the statute controls, and the regulation is no longer valid. And there is no delegation of authority to the secretary to contravene the express design of Congress. For these reasons, there was no error... Can I ask a similar question? This comes up in other areas of the law. There's this debate over DACA as to whether the president doesn't have to exercise enforcement discretion in any particular case, but there's an argument that announcing in advance that you're not exercising enforcement discretion for a whole class of people might be impermissible. So your argument relies on that. Even though the secretary can charge below the maximum in any particular case, he shouldn't be allowed to announce in advance that he's not going to charge up to the maximum in a class of people. Is that exactly what you're saying? You're saying that the executive branch can't say in advance how it's going to exercise its enforcement discretion? Respectfully, Your Honor, we would choose a different metaphor. The executive action is distinct from the regulation we're looking at here, which was the product, ultimately, of a notice and comment proceeding. And it's not simply the if you had gone through notice and comment in a public proceeding to talk about how you're going to exercise your enforcement discretion, wouldn't that be more transparent and stable and allow for public participation? And why does that make it worse? It does not. No, no, no. We submit that the notice and comment is appropriate and necessary where you're going to be announcing a uniform policy, but we submit that here there can be no uniform policy announced by the secretary that is distinct and inconsistent, distinct from inconsistent with the statutory maximum prescribed by Congress. That is what must control. I see I'm over my time. So if the court has no further questions, we would ask that you affirm. Thank you. Thank you, Mr. Mistracio. You have three minutes on rebuttal. Thank you, Your Honor. Just shortly, the only comment I would make based on prior statements is that Congress, if it wanted to, it could have mandated the maximum penalty. It could have withdrawn the delegation order providing FinCEN, Treasury and FinCEN, to withdraw their delegation orders and take control of the amount, but they didn't. They said, no, we're going to leave it to the discretion of the Treasury and FinCEN to assess penalties up to the maximum. As long as they're assessing penalties within that maximum, they are within the regulatory right. And so we believe the court was wrong. What language would you say Congress would have used if they could have mandated the maximum penalty? What would the amendment have said other than the maximum penalty shall be? What other words would you use to make it mandatory, the maximum? Well, if the concern is that the Treasury is exercising discretion in assessing the penalty, the May provisions in 5321A.5, which says that the Treasury may assess up to the statutory limit, would be must impose up to. No, I mean, this is the point I was making to you originally. All that means is in each individual case, they have the discretion to decide where the penalty should be up to the statutory maximum. So I don't see that discretion as somehow undoing the fact that they made the maximum itself overall mandatory. Well, I think it comes down to the delegation orders and the intent behind that, which was to provide Treasury with the wherewithal to assess the penalties. Does Treasury's regulation change the statutory maximum? I mean, the Treasury Department tomorrow could amend its regulation to set a different maximum, a regulatory maximum, because what binds them is the statute, right? Like these are two different things. The Treasury Department, I think, doesn't have the power to change the statutory maximum. Do you think it does? No, it doesn't have the power. Treasury is not changing the statutory maximum. They're operating within the allowable maximum. If the allowable maximum became $90,000, then obviously the regulation is in conflict with the statute. Statute simply raised it. And of course, I understand what you're saying earlier, which was that Congress could pass a law, and if it creates a direct conflict with the regulation, the regulation would be invalid. But Congress, if it didn't like the existing regulations, could also just direct the Treasury Department to adopt different regulations, right? Like it also has that power, right? Or it could invalidate the regulations. I don't know. I'm not talking about the delegation. I understand you keep talking about the delegation, but I'm just talking about what Congress could do, which is if they don't like the existing regulations, they could direct the Treasury Department to eliminate them. They could invalidate them, they could direct the Treasury Department to do a new rulemaking, right? All right. Thank you, Mr. Mastraccio. Thank you to both of you.